

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00107-CR
_____

KAPOOLA EARL JILES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th Judicial District Court
Smith County, Texas
Trial Court No. 007-2460-06

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Kapoola Earl Jiles appeals from his conviction on his open plea of guilty to a third-degree felony offense of driving while intoxicated (DWI).[1] *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09(b) (Vernon Supp. 2008). Jiles pled "true" to the enhancement, and the trial court sentenced him to twelve years' imprisonment. Jiles was represented by different, appointed, counsel at trial and on appeal.

Jiles' attorney has filed a brief which discusses the record and reviews the proceedings. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Jiles September 24, 2008, informing him of his right to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed a motion with this Court seeking to withdraw as counsel in this appeal. Jiles has not filed a pro se response, nor has he requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

_____

[1]This appeal has been transferred to this Court from the Tyler Court of Appeals pursuant to the Texas Supreme Court's docket equalization program.

We do note, however, that the trial court's judgment in this case indicates the degree of the offense is a "2nd Degree Felony." This offense is a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b). The punishment range was correctly enhanced to that of a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp. 2008). This Court has the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

Therefore, we hereby reform the judgment to indicate that the correct degree of the offense is a third-degree felony.

As reformed, we affirm the judgment of the trial court.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 1, 2008
Date Decided:       December 2, 2008

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Jiles in this case. No substitute counsel will be appointed. Should Jiles wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.